# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMAN OSORTO-GUEVARRA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1136-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Norman Osorto-Guevarra appeals the 72-month, above-guidelines sentence imposed by the district court following his guilty plea conviction of illegal reentry. He argues that the district court procedurally erred by failing to properly apply U.S.S.G. § 4A1.3 when upwardly departing from the guidelines and that the sentence is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50352

§ 3553(a), particularly when his benign reason for reentry, to be with his family, is considered.

This court reviews sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). An appellate court must first ensure that the sentencing court committed no significant procedural error, including improperly calculating the guidelines range. *Gall*, 552 U.S. at 51. If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence under a deferential abuse of discretion standard, "tak[ing] into account the totality of the circumstances." *Id.*; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, because Osorto-Guevarra did not object to his sentence on any grounds, this court reviews for plain error only.[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Osorto-Guevarra refers to his sentence as an upward departure pursuant to § 4A1.3. However, the record reflects that the district court imposed a non-guidelines sentence or variance based on the § 3553(a) factors. Thus, Osorto-Guevarra's arguments about the district court's failure to comply with § 4A1.3 are inapposite.

---

[1] Osorto-Guevarra raises to preserve for possible Supreme Court review the argument that the appropriate standard of review for a challenge to the substantive reasonableness of a sentence is abuse of discretion.

No. 13-50352

With regard to the substantive reasonableness of the sentence, the district court considered the statements presented at sentencing and the presentence report and was free to conclude, as it did, that the guidelines range was inadequate in light of § 3553(a)'s sentencing factors. Specifically, the district court cited Osorto-Guevarra's intention to return illegally to the United States in order to be with his family and the fact that two prior illegal reentry sentences of 42 months and 69 months had not deterred him from illegally returning to the United States. The record demonstrates that the district court's decision to impose a non-guidelines sentence was based on permissible factors that advanced the objectives set forth in § 3553(a) and were justified by the facts of the case. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006). Additionally, the variance does not represent an abuse of the district court's vast sentencing discretion when considered in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Accordingly, the district court's judgment is AFFIRMED